## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| C. Terry Hunt Industries, Inc., | ) | Civil Action No.: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Enviva Pellets Sampson, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

YOU ARE HEREBY NOTIFIED that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Enviva Pellets Sampson, LLC ("Enviva"), removes this action previously pending in the Superior Court Division, Sampson County, North Carolina, Civil Action No. 16-CVS-801, to the United States District Court for the Eastern District of North Carolina, Southern Division, on the following grounds:

## I.     COMMENCEMENT OF ACTION

Plaintiff, C. Terry Hunt Industries, Inc. ("Hunt"), commenced this action against Enviva by filing a Summons and Complaint on July 18, 2016. Enviva's registered agent, CT Corporation System, received a copy of the Summons and Complaint on July 25, 2016, via certified mail. The Affidavit of Service filed by Hunt acknowledges the service date of July 25. Therefore, this Notice of Removal is timely filed "within thirty days after the receipt…of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b)(1). Pursuant to 28 U.S.C. § 1446(a), the case is removed to the district and division embracing the Superior Court Division Sampson County, North Carolina. *See also,* 28 U.S.C. § 121(6).

## II.    PLEADINGS AND NOTICE TO STATE COURT

True and correct copies of all process and pleadings received by Enviva are attached and are being filed contemporaneously with this Notice as <u>Exhibit A</u>. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and is being filed with the Clerk of Court for the Superior Court Division, Sampson County, North Carolina.

## III.    STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332. The statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a)(1). As discussed in detail below, this action satisfies both statutory requirements.

### A.  There is complete diversity of citizenship between Plaintiff and Defendant.

As required by 28 U.S.C. § 1332(c)(1), this action involves a controversy between citizens of different States. Plaintiff is a Georgia corporation and its principle place of business is in Georgia. (Compl. ¶ 1.) (*See also,* N.C. Sec. of State Business Entity Detail attached as <u>Exhibit B</u>.) Enviva was, at the time of the Complaint's filing, and still is, a Delaware Limited Liability Company, authorized to transact business in North Carolina and owning the subject property in Sampson County North Carolina. (Compl. ¶. 2) Enviva's principle place of business is Bethesda, Maryland. (Compl. ¶. 2; *see also* Ex. C, N.C. Sec. of State Bus. Entity Detail.) Accordingly, Enviva is a "citizen" of Delaware and Maryland, but not Georgia. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the State where is has its principal place of business.").

In summary, complete diversity exists between the parties.

**B.  The amount in controversy exceeds $75,000 exclusive of interests and costs.**

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (alteration in original) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). The Court may determine the amount in controversy based upon the allegations of the complaint and other relevant material in the record. *St. Paul Mercury Indemnity Co. v. Red Cab Co.* 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

This case concerns the termination of a contract between Enviva and Hunt for the construction of a wood pellet manufacturing facility in Sampson County, North Carolina (the "Project"). (Compl. ¶¶ 7-13.) Hunt alleges that Enviva wrongfully terminated the contract (*Id*. at ¶ 13.) Hunt also seeks monetary recovery for labor and materials allegedly furnished to Enviva for the Project. (Compl. ¶ 10.) Based on these allegations, Hunt has asserted the following claims against Enviva: (1) Breach of Contract; (2) In the alternative Quantum Meruit/Unjust Enrichment; and (3) Enforcement of Lien on Property. (*See,* Compl. ¶. 4-5.)

Hunt seeks to recover actual damages in the amount of $7,180,447.00, plus attorney's fees and costs, and for such other relief that the Court deems just and proper. (*See, generally,* Compl. p. 7.)  Thus, this action satisfies the amount in controversy requirement, and the Court has diversity jurisdiction under 28 U.S.C. § 1332.

In the event any question arises as to the propriety of the removal of this matter, Enviva requests the opportunity to present briefs, oral argument, and, if necessary, affidavits and other evidence in support of its position that removal is proper.

WHEREFORE, Defendant, Enviva Pellets Sampson, LLC, hereby removes this matter from the North Carolina Superior Court of Sampson County to the United States District Court for the Eastern District of North Carolina, Southern Division based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted,

By:  /s/Thomas E. Dudley, III
          Thomas E. Dudley, III, Esq.
          North Carolina Bar No. 20649
          704 East McBee Avenue
          Greenville, SC 29601
          Telephone: 864-242-4899
          E-Mail: Dudley@conlaw.com

*Attorneys for Defendant*

Greenville, South Carolina
August 24, 2016